**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEOMAN GURSON and GULSON GURSON, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-71279 <br><br> Agency Nos.  A098-263-632 <br> A098-263-633 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]
San Francisco, California

Before: CALLAHAN and WATFORD, Circuit Judges, and SINGLETON, Senior District Judge.[***]

Gulsun and Teoman Gurson petition for review of the Board of Immigration

Appeals' ("BIA") denial of their application for asylum and withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

removal. The BIA affirmed the Immigration Judge's ("IJ") finding that the Gursons failed to establish a well-founded fear of persecution on account of their religious beliefs. The evidence in the record does not compel a finding to the contrary, and thus we deny the petition.[1]

1.      The BIA's findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[P]ersecution is an extreme concept." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998). To establish past persecution the Gursons must show: (1) incidents that rise to the level of persecution, (2) that the persecution is based on their religious beliefs, and (3) that the government was unable or unwilling to control the private actors responsible for the persecution. *Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004).

Although 8 U.S.C. § 1158(b) provides that asylum may be granted based on persecution on the basis of religious views, the IJ reasonably determined that the alleged incidents—being beaten for holding hands twenty years ago, being warned to wear a head scarf and leggings or risk having hydrochloric acid thrown on them, having the chimney blocked by the building manager—are more akin to

---

[1]      Because the parties are familiar with the facts and procedural history we do not restate them here except as necessary to explain our decision.

2

discrimination rather than persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Furthermore, the Gursons' contention that the events were due to their religious beliefs is based on speculation, and they have not shown that the government would be unable or unwilling to protect them. The Gursons did not report most of the incidents and the *Country Reports* indicate the government of Turkey is committed to ensuring religious freedom.

Because the Gursons failed to establish past persecution and offered no separate grounds for fearing religious persecution, they have failed to demonstrate a reasonable fear of future persecution. *See Singh*, 134 F.3d at 967 n.8 (holding a fear of continuation of the same treatment necessarily ties petitioner's fear of future persecution to whether he experienced past persecution). Therefore, the Gursons have failed to make the compelling factual showing necessary for a grant of relief.

2.     In order to qualify for withholding of removal, petitioners must demonstrate a "clear probability of persecution." *Id.* at 971 (citation omitted). If "the evidence does not compel a finding of persecution or a well-founded fear thereof, it necessarily does not compel a finding that Petitioner[s] [have] shown a 'clear probability' of persecution if [they] were to return to [Turkey]." *Id.* Thus, the Gursons do not qualify for withholding of removal.

The petition for review is **DENIED**.

3